McCORD, Chief Judge.
This is an appeal from an order denying appellant’s petition for adoption of two minor girls, ages 7 and 8. She is not a blood relative of the children but was married to the children’s father from 1971 until 1975. She began caring for the children prior to her marriage to their father and continued caring for them during the marriage and after dissolution of the marriage. Custody of the children was previously awarded to the father upon dissolution of his marriage to the mother by the same court (and judge) from which this appeal is taken. Prior to the hearing on this petition for adoption, the father had been separated from the two children and his other children by appellant for several years. He did not appear at the final hearing and was found by the court to have abandoned the children several years previously. The court also found that the mother had abandoned the children six years ago. The paternal grandmother of the children had filed a separate adoption petition seeking adoption of the two children, but the trial court found that she had displayed little interest in them and denied her petition.
In denying appellant’s petition, the court found that because appellant was allowing a married man to live in her household, the environment which she was providing for the children was “not such as this court can approve as constituting a proper environment in which to rear two little girls.” Appellant filed a motion for rehearing contending that the trial court erred in denying the petition for adoption and alleging that there was new evidence which should be presented. The alleged new evidence was to the effect that subsequent to the denial of the petition, the father had removed the children from their school; that such demonstrated that he had the intention of reassuming custody of them. The motion for rehearing was denied.
Appellant’s only contentions on appeal are that the trial court erred in failing to enter a custody order upon denying the petition for adoption and erred in failing to grant a rehearing on the basis of newly discovered evidence. She points to § 63.142, Florida Statutes (1975), the statute govern *575 ing hearing and disposition of a petition for adoption, referring particularly to subsection (3) of said statute which states as follows:
“If the petition is dismissed, the court shall determine the person that is to have custody of the minor.”
Appellant contends that upon denial of her petition, the trial court erred in not complying with this statute. Appellee, on the other hand, contends that such was unnecessary as the trial court had already determined in the final judgment of dissolution of the marriage of the children’s mother and father that the father would have custody. We agree with appellee. Apparently the trial court did not wish to disturb his previous order granting custody to the father even though in this adoption proceeding, he found that the father had abandoned the children several years ago. While this finding seems somewhat inconsistent with the court’s leaving its previous custody order unchanged, the failure to make another determination of custody did not violate the statute because custody had already been determined. From the evidence and findings of the court based thereon, it appears likely that the trial court considered it had no alternative on the matter of custody of these children — that none of the parties before the court in the adoption proceeding should be given custody. He, therefore, left custody as he had previously adjudicated it.
This appears to be a situation in which the Division of Family Services should make an investigation and determine whether or not for the welfare of these children it should seek their custody. We therefore, will forward a copy of this opinion to that agency.
AFFIRMED.
SMITH and MELVIN, JJ., concur.